IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Case No. 8:19-CV-2824 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL CYMERMAN, | ) | |
| 4440 Willard Avenue, Apt. 1313 | ) | |
| Chevy Chase, Maryland 20815 | ) | |
| | ) | |
| MEREDITH CYMERMAN, | ) | |
| 4440 Willard Avenue, Apt. 1313 | ) | |
| Chevy Chase, Maryland 20815 | ) | |
| | ) | |
| ITPATH, INC., | ) | |
| 4440 Willard Avenue, Apt. 1313 | ) | |
| Chevy Chase, Maryland 20815 | ) | |
| | ) | |
| YANKEE CLOUD, LLC, | ) | |
| 4440 Willard Avenue, Apt. 1313 | ) | |
| Chevy Chase, Maryland 20815 | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**COMPLAINT**

The United States of America, at the request of the Chief Counsel of the Internal Revenue

Service, a delegate of the Secretary of the Treasury, and at the direction of the Attorney General

of the United States, brings this action to compel Michael Cymerman, Meredith Cymerman,

ITPath Inc., and Yankee Cloud, LLC, to timely withhold, collect and pay over to the Internal

Revenue Service the corporation's accruing federal employment tax liabilities, as well as to

enjoin the defendants from further violating and interfering with the enforcement of the internal

revenue laws.

**Jurisdiction and Venue**

1.      This Court has jurisdiction over this civil action under 28 U.S.C. §§ 1340 and 1345, and 26 U.S.C. § 7402(a).

2.      Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1396 because Michael and Meredith Cymerman reside in Maryland and ITPath, Inc., and Yankee Cloud, LLC, are located in Maryland.

**Parties**

3.      The Plaintiff is the United States of America.

4.      The Taxpayer Defendants Michael Cymerman and Meredith Cymerman are married, and reside at 4440 Willard Avenue, Apartment 1313, Chevy Chase, Maryland 20815, with a potential alternate address at 3717 Ingomar Street NW, Washington, D.C. 20015.

5.      Defendant ITPath, Inc., is a Maryland corporation with its principle place of business at 4440 Willard Avenue, Apartment 1313, Chevy Chase, Maryland 20815.

6.      Defendant Yankee Cloud, LLC, is a Maryland limited liability company with its principle place of business at 4440 Willard Avenue, Apartment 1313, Chevy Chase, Maryland 20815.  Yankee Cloud is the successor of ITPath.

7.      Michael Cymerman is the former president of ITPath.

8.      Both Michael Cymerman and Meredith Cymerman are employees of Yankee Cloud.

**Duties Imposed on Employers under the Internal Revenue Laws**

9.     At all times relevant to this action, both ITPath and Yankee Cloud had employees, and as employers, were subject to the payroll tax obligations imposed by federal law, including the duties to:

    a. Withhold its employees' federal income and Federal Insurance Contributions Act (FICA) taxes, and pay over to the Internal Revenue Service (IRS) those withholdings, along with ITPath's and Yankee Cloud's own FICA and Federal Unemployment Tax Act (FUTA) taxes, *see* 26 U.S.C. §§ 3102, 3111, 3301 and 3402;

    b. Make periodic deposits of the withheld federal income, Social Security and Medicare taxes, as well as its respective share of employment taxes, in an appropriate federal depository bank in accordance with applicable Treasury Regulations, *see* 26 U.S.C. §§ 6302 and 6157; and 26 C.F.R. § 31.6302-1; and

    c. File with the IRS its Employer's Quarterly Federal Tax Returns (Forms 941) and annual Employer's Federal Unemployment Tax Act Returns (Form 940), *see* 26 U.S.C. § 6011; 26 C.F.R. § 31.6071(a)-1.

10.     Under section 7501(a) of the Internal Revenue Code (26 U.S.C. § 7501(a)), the federal employment taxes that ITPath and Yankee Cloud were required to withhold, collect, and pay over to the United States during the taxable periods described below were deemed by operation of law to have been held in "a special fund in trust for the United States," and were not to be used for any other purposes, including the business operations of ITPath and/or Yankee Cloud.  26 U.S.C. § 7501(a).

**Factual Background**

11.      ITPath, owned and operated by Michael Cymerman, was established as a Maryland corporation on July 9, 2015.  ITPath offered consulting and information technology services to private and government agencies in Washington, DC, and Virginia.

12.      Between the years of 2014 and 2018, ITPath employed Michael Cymerman through July 31, 2018, but failed to pay federal employment taxes to the IRS.  The unpaid balance of the federal employment taxes owed by ITPath, including statutory penalties and interest, exceeded $270,000 as of April 17, 2019.

13.      Michael Cymerman served as president of ITPath when it failed to fully pay its federal employment tax liabilities between 2014 and 2018.

14.      On July 31, 2018, Michael Cymerman declared ITPath defunct.

15.      Shortly before ITPath became defunct, on February 4, 2018, Yankee Cloud was established as a Maryland limited liability company by Meredith Cymerman. Yankee Cloud continues to provide the same services to the same clients as ITPath provided prior to its demise.

16.      Yankee Cloud began operations in August of 2018, and its first Employers Quarterly Federal Tax Return (Form 941) was filed late.  Like its predecessor, ITPath, Yankee Cloud has failed to fully pay over to the United States the federal taxes withheld from the wages of its employees.  As of April 17, 2019, Yankee Cloud owed $28,964.01 in federal employment taxes, but had paid only $4,695.06.

17.      Meredith Cymerman served, and continues to serve, as owner of Yankee Cloud, which, beginning in 2018 and continuing through the time of this filing, has failed to fully pay its federal employment tax liabilities.

4

18.     Michael and Meredith Cymerman are responsible for the failures of ITPath and Yankee Cloud to fully pay the federal employment tax liabilities incurred between 2014 and now.

19.     Since 2016, the IRS has been attempting to bring Michael and Meredith Cymerman, along with their companies ITPath and Yankee Cloud, into compliance with their employment tax deposit and payment obligations.  The IRS's administrative efforts have included:

    a.   Recording notices of federal tax lien against Michael and Meredith Cymerman with respect to delinquent federal employment tax liabilities;

    b.   Serving levies on ITPath's known banks; and

    c.   Sending IRS Letter 903 to Michael and Meredith Cymerman indicating failure to deposit federal employment taxes and notifying them of the Government's right to seek a civil injunction compelling them to fully pay their future federal employment tax liabilities.

20.     These IRS administrative efforts to collect the federal employment taxes owed by Michael Cymerman, Meredith Cymerman, ITPath, and Yankee Cloud have not resulted in compliance with their federal tax deposit and payment obligations. Thus, Michael Cymerman, Meredith Cymerman, ITPath, and Yankee Cloud have continually failed to meet their federal employment tax liabilities, perpetually increasing (or, "pyramiding") these liabilities.

**Count One:**

**Injunction under Internal Revenue Code § 7402(a)**

21.     The United States incorporates by reference the allegations set forth in the paragraphs above.

22.     Under 26 U.S.C. § 7492(a), this Court may issue injunctions as may be necessary or appropriate for the enforcement of the internal revenue laws.

23.     Defendants Michael Cymerman, Meredith Cymerman, ITPath, and Yankee Cloud have substantially violated and continue to violate and substantially interfere with the internal revenue laws by:

> a.   Continuously and/or repeatedly failing to collect or pay over to the IRS ITPath's and Yankee Cloud's federal employment tax obligations as required by 26 U.S.C. §§  3102, 3111, 3301, and 3402; and
>
> b.    Continuously and/or repeatedly failing to make timely federal tax deposits as required by 26 U.S.C. §§ 6302 and 6157, and Treas. Reg. § 31.6302-1.

24.     A mandatory injunction by this Court ordering the defendants to comply with their federal employment tax obligations is necessary and appropriate for the enforcement of the internal revenue laws and to prevent future, continued violations, as defendants continue to flout the federal tax laws and accrue additional unpaid federal employment tax liabilities.

25.     Absent court intervention in the form of injunctive relief, the United States lacks an adequate legal remedy to prevent further pyramiding of employment taxes owed by ITPath and Yankee Cloud.

26.     As a result of the failures of both ITPath and Yankee Cloud to comply with federal tax statutes, the United States has suffered, and will continue to suffer, irreparable harm, including, but not limited to:

a.   The loss of its tax revenues, including the loss of the withheld employee income, social security, and Medicare taxes for which the employees of ITPath and Yankee Cloud have already received credit;

b.   The drain on limited IRS administrative resources due to the required oversight of ITPath and Yankee Cloud; and

c.   The harm to the federal tax system as a whole, when competitors and the public see the continued non-compliance of ITPath and Yankee Cloud with the same federal tax laws that they are following.

27.     The foregoing injury to the United States outweighs any potential harm to Michael Cymerman, Meredith Cymerman, ITPath, and Yankee Cloud if an injunction is entered against them, as they will merely be compelled to comply with federal law by making timely employment tax deposits.

28.     An injunction in this case will serve the public interest, as the efficacy of the federal tax system relies upon employers to collect and remit federal employment taxes to the United States.  The failures of ITPath and Yankee Cloud to make their required federal tax deposits gives them unfair economic advantage over competitors that comply with federal tax laws.  Enjoining these Defendants would protect the public interest in the fair administration of internal revenue laws and in fair competition by halting their unlawful practices.

29.     In the absence of an injunction, Michael Cymerman, Meredith Cymerman, ITPath, and Yankee Cloud are likely to continue to obstruct and interfere with the enforcement of the internal revenue laws to the detriment of the United States.

WHEREFORE, the United States respectfully prays that this Court enter a permanent injunction and order that the Defendants:

A.     Deposit the federal income taxes and Social Security and Medicare (collectively, Federal Insurance Contributions Act, or FICA) taxes that are required by law to be withheld from the wages of the employees of ITPath, Inc., and Yankee Cloud, LLC, in an appropriate federal depository bank in accordance with federal deposit regulations;

a.     Deposit the Federal Unemployment Tax Act (FUTA) taxes owed by ITPath, Inc., and Yankee Cloud, LLC, in an appropriate federal depository bank in accordance with federal deposit regulations;

b.     Sign and deliver affidavits to the Internal Revenue Service, 31 Hopkins Plaza, Baltimore, Maryland, 21201, or such other location as the Internal Revenue Service may designate, no later than the twentieth (20th) day of each month, stating that the requisite deposits of withheld federal income tax, withheld FICA taxes, employer FICA taxes, and FUTA taxes with respect to the employees of ITPath, Inc., and Yankee Cloud, LLC, have been made in a timely manner;

c.     Timely pay all outstanding liabilities due on each tax required to be filed herein;

d.     Be prohibited from assigning any property or making any payments after an injunction is entered in this civil action until the withholding liabilities and

employment taxes are first properly deposited or paid to the Internal Revenue Service; and

e.  Notify the Internal Revenue Service of any future employment tax conduct with respect to any new or presently unknown company that the defendants may become involved with, including the imposition of affirmative duties upon Michael Cymerman and Meredith Cymerman to notify the Internal Revenue Service or a designated revenue officer of any new business they may come to own, manage, or work for in the next five (5) years.


Dated: September 26, 2019

DAVID HUBBERT
Acting Assistant Attorney General

*/s/ Emily Katherine Miller*
EMILY KATHERINE MILLER
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Washington, D.C.  20044
202-353-7509 (v)
202-514-6866 (f)
Emily.K.Miller@usdoj.gov